NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YENILEY DARIELA RAMOS CRUZ; EMELY DARIELA HERNANDEZ RAMOS, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-72191 <br><br> Agency Nos. A209-386-562 <br> A209-386-563 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2020[**]
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and BOUGH,[***] District Judge.

Yeniley Ramos Cruz and her daughter, both natives and citizens of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

1

Honduras, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from an order of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Ramos Cruz contends that her former partner, a member of the Mara-18 gang in Honduras, beat her, repeatedly raped her, and threatened to kill her when she left the relationship, prompting her to flee Honduras with her daughter. The IJ found her testimony not to be credible, and the BIA upheld that adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's adverse credibility determination. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (explaining that, in applying the substantial evidence standard, "[w]e reverse the BIA's decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that [she] was not credible'" (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003))). Specifically, the record supports the agency's finding that Ramos Cruz was not credible based on inconsistencies between her testimony and the documents submitted in support of her asylum application as to when she was assaulted, when she reported the assault to the police, whether she

---

[1] Because Ramos Cruz's daughter's application is a derivative one and alleges no claims independent of her mother's, this disposition refers to Ramos Cruz's petition in the singular for simplicity.

returned to her former partner's home after the assault, and whether she saw or spoke to her former partner after the assault.

Ramos Cruz argues that the inconsistencies the agency relied on were too minor to support an adverse credibility determination because her overall story is consistent. But because Ramos Cruz's application was filed after May 11, 2005, it is governed by the REAL ID Act, 8 U.S.C. § 1158, which authorizes an IJ to base an adverse credibility determination on inconsistent statements without regard to whether they go to the heart of a petitioner's claim. *Id.* § 1158(b)(1)(B)(iii); *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). And the inconsistencies in Ramos Cruz's testimony were not so minor as to be "utterly trivial" inconsistencies, such as typographical errors, which cannot support an adverse credibility determination under the Act. *Shrestha*, 590 F.3d at 1043. Thus, these inconsistences were appropriate for consideration even if they appear ancillary to Ramos Cruz's account.[2]

Ramos Cruz also argues that the agency erred in failing to adequately address the explanation she offered for her inconsistent statements: a mental health evaluation diagnosing her with acute stress disorder, which presents with

---

[2] Moreover, several of the inconsistencies the agency relied on did go to the heart of Ramos Cruz's claim because they concerned "circumstances that led to [her] persecution" or "events leading up to [her] departure" from Honduras. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011).

symptoms such as defensive avoidance. Ramos Cruz contends that her "problematic . . . scores" on the defensive avoidance scale, which "is associated with a decreased willingness to discuss or process traumatic experiences," explain her difficulty in remembering certain details of the events she experienced. Ramos Cruz is correct that because her explanation is reasonable and plausible, the agency needed to address the explanation in its credibility determination and give specific and cogent reasons for rejecting it. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). But the agency did just that, observing that the inability or unwillingness to articulate traumatic experiences did not explain why Ramos Cruz's statements and supporting documents affirmatively recounted her traumatic experiences while also contradicting each other. When the agency reasonably rejects an explanation—as it did here—no more is required. *Id.*; *see Rivera v. Mukasey*, 508 F.3d 1271, 1274-75 (9th Cir. 2007).[3]

Ramos Cruz argues finally that the agency erred in failing to consider country conditions evidence when denying her CAT claim. 8 C.F.R. § 208.16(c)(3)(iii) (requiring that the agency consider all evidence relevant to the

---

[3] As the agency also observed, Ramos Cruz did not raise her mental health symptoms as explanations for inconsistent statements at her hearing, contending instead that she did not know why certain statements or documents were inconsistent with each other. And, contrary to Ramos Cruz's assertions, the agency did not demand that Ramos Cruz have described her condition in a clinical way.

possibility of future torture, including "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal"); *Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001) (noting that "country conditions alone can play a decisive role in granting relief under the Convention," even where an applicant has been deemed not credible).  This argument is unavailing; the agency's statement denying her CAT claim, while cursory, evinced sufficient review of the record under our caselaw, particularly given that Ramos Cruz has not pointed to any specific record evidence that could have supported a finding of a 50% risk of torture but that the agency failed to mention.  *Almaghzar v. Gonzales*, 457 F.3d 915, 921-23 (9th Cir. 2006).

**PETITION DENIED.**